UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER E. HAWKINS, | No. C 08-1087 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| DEBORAH DEXTER, warden, | |
| Respondent. | |

## INTRODUCTION

Homer E. Hawkins, an inmate at the Ironwood State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Hawkins states in his petition that he was convicted in San Mateo County Superior Court of first degree burglary, second degree robbery, two counts of assault with a deadly weapon, and evading a police officer. He also apparently was found to have suffered prior convictions. On December 20, 2005, he was sentenced to 80 years to life in prison. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts four claims. First, Hawkins claims that his right to due process was violated because the trial court failed to sua sponte instruct the jury on grand theft as a lesser-included offense of robbery. Second, Hawkins claims that the evidence was insufficient to support the conviction for two counts of assault with a deadly weapon (which, liberally construed, states a due process claim). Third, Hawkins claims that his 80-to-life sentence (a) was cruel and unusual punishment and (b) was imposed without the facts being found by a jury and beyond a reasonable doubt. See Blakely v. Washington, 542 U.S. 296 (2004). These three claims are cognizable in a federal habeas action.

Hawkins' fourth claim is incomprehensible. See Petition, p. 11. Hawkins will be given leave to amend so that he may file an amendment in which he states this claim. Hawkins should state in his amendment to the petition what constitutional right was violated and give a very short statement of the facts that show the constitutional violation.

**CONCLUSION**

For the foregoing reasons, the petition is dismissed with leave to amend. Hawkins must file an amendment to the petition no later than **April 18, 2008**. Hawkins is cautioned that any claim he presents here must first have been presented to the California Supreme Court in order

1 to exhaust his state court remedies. See 28 U.S.C. § 2254(b), (c). Failure to file an amendment
2 to the petition by the deadline will result in the dismissal of the fourth claim and the action will
3 go forward with only the first three claims.
4        IT IS SO ORDERED.
5 DATED: March 4, 2008

_____
SUSAN ILLSTON
United States District Judge