1  HOMER E. HAWKINS (3)

2  CDC, # ID. C-55875

3  IRONWOOD STATE PRISON

4  P.O. BOX = 2199

5  BLYTHE, CA. 92226

6

7  UNITED STATES DISTRICT COURT

8  NORTHERN DISTRICT OF CALIFORNIA

9

10  HOMER E. HAWKINS (3) ,          CASE No. C-08-1087 SI (pi)

11          Petitioner ,

12                               ,    REPLY - FROM ORDER

13          Vs,                  ,    LEAVE TO AMEND

14                               ,

15  DEBORAH DEXTER, Warden    ,

16          Respondent. ,

17

18          INTRODUCTION

19

20  Homer E. Hawkins (3), an inmate at the Ironwood State Prison, is now

21  Pro. Se. in this action for writ of Habeas Corpus pursuant to 28 U.S.C

22  § 2254 ; State - Criminal Law Procedure and Practice § 3.7, § 5.7. Or

23  the (Sixth Amendment as made applicable to the States by the Fourteenth gueran-

24  tees that a defendant in a State Criminal Trial has an independent Constitutional

25  Right of Self - Representation and Prepare to proceed to defend as Propria Persona).

26  Petitioner Homer E. Hawkins (3), was incarcerated in the San Mateo

27  County jail, is representing myself in a pending criminal proceeding. Petitioner

28

1   CASE No. C-08-1087 SI (pr)

2

3   motion to proceed in a reasonable access to law books, (See Exhibit-A).

4   Petitioner proceeded to file a motion for [MANDATE-MANDAMUS] because

5   the "Pro. Per." privileges was restricted doing preparation or presentation of

6   my defense. (See Exhibit-B)

7   Petitioner say that the "Mandate-Mandamus" motion was presented in-

8   front of Superior Judge [H.J.ELLIS] on "07/22/2005", and was granted

9   "Ancillary Services /and Appointed Experts" in the preparation for defenses.

10  (See Exhibit-C)

11  Petitioner say that "Judge-H.J.ELLIS" did give order for Chief Counsel

12  Office to provide these Ancillary Services. (see Exhibit-C), But when I had

13  the appointed investigator to find out about the appointed experts through the

14  letter I sent to his office, (See Exhibit-D), their office "REFUSE" to provide

15  these services. (See Exhibit-E) (See Exhibit-F)

16  Petitioner will now show that the "JUDICIAL PERFORMANCE BY JUDGE" was

17  abuse of discretion, because the honorable Judge [Mr. JOHN L. GRANDSAERT]

18  denied all motion that was a violation of Due Process. (See EXHIBIT COVER PAGE

19  [3], Dated 08/16/05 - 10/14/05 - 10/17/05) (Exhibit-B)

20

21  A state petitioner due process rights were violated when I was tried without

22  having had any meaningful opportunity to prepare a defense in that despite timely and

23  reasonable request, petitioner was isolated from any means to prepare, trial court's orders

24  concerning experts, telephone usage and a runner, were not heeded and after petitioner

25  elected to represent self, the state not only affirmatively failed to provide defense

26  resources but materially impeded use of minimal tools for defense preparation and the state

27  offered no justification, such as costs or security exigencies, for what occurred. (Faretta

28

1    CASE No. C-08-1087 SI (pr)

2

3    v. California, 422 U.S. 806, 95 S. Ct. 2525, 2533-34, 45 L. Ed. 2d 562 (1975);

4    MILTON V. MORRIS, 767 F. 2d 1443 (9th Cir. 1985); Bounds V. Smith, 430 U.S.

5    817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977).) (U. S. C. A. Const. Amends. 5, 6, 14).)

6

7    Petitioner will show that the Effective Assistance was in violation becouse

8    the applicant counsel did not want to "DISTILL" all the Trial Transcript's. (see

9    EXHIBIT COVER PAGE [2]) (Exhibit's-D)

10    [Evitts V. Lucey, 469 U.S. 387, 83 L. Ed. 2d 821, 53, 105 S. Ct. 830 (1985);

11    Jones V. Barnes, 463 U.S., at 751, 103 S. Ct. at 3312-3309; Anders V. California,

12    386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493] (Which held that an appointed

13    attorney must advocate his client cause vigorously and may not withdraw from a

14    nonfrivolous appeal -- appointed counsel must present on appeal all nonfrivolous

15    arguments requested by his client. The Court of Appeals held that respondent

16    counsel had not met this standard in that he failed to present certain nonfrivolous

17    claims).)

18

19

20    EXECUTED THIS    20    DAY OF MARCH    , 2008 , AT

21    IRONWOOD STATE PRISON, BLYTHE, CALIFORNIA.

22

23

24

25

26    Homer E. Hawkins III

27    Petitioner In Pro. Per.

28    HOMER E. HAWKINS (3)

# EXHIBIT A

**ENDORSED FILED**
SAN MATEO COUNTY

MAY 0 5 2005

Clerk of the Superior Court
By __SANDRA HARRIS__
DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN MATEO

THE PEOPLE OF THE STATE OF CALIFORNIA

Plaintiff,

vs.

HOMER EARLE HAWKINS

Defendant

Case No.: SF 339103A

DECISION GRANTING PRO PER STATUS
AND NOTIFICATION TO SHERIFF'S LAW
LIBRARIAN

On April 22, 2005 upon application of the Defendant, Homer Earle Hawkins, and upon due consideration, Commissioner Joseph N. Gruber granted Defendant's request for propria persona status. During his preliminary hearing held on May 5, 2005 Defendant represented himself and was held to answer on a violation of Penal Code § 460(A) (residential burglary) and Vehicle Code § 2800.2 (felony fleeing). He was ordered to appear in Courtroom 2A on May 20th to set his jury trial date and pretrial date. Defendant needs the resources of the law library in order to represent himself. At this point Defendant apparently is facing a sentence of 25 years to life (due to three strikes) if he is convicted of either or both charges.

Dated this May 5, 2005

CARL W. HOLM
JUDGE

1

# EXHIBIT B

HOMER EARL HAWKINS (3.)
SE-14 #ID. 1113027
300 BRADFORD STREET
REDWOOD CITY, CA. 94063
Propria Persona for Defendant

### IN THE SUPERIOR COURT OF THE REDWOOD CITY OF
### THE STATE OF CALIFORNIA, COUNTY OF SAN MATEO:

| | |
|---|---|
| PEOPLE OF THE STATE OF | SO-CASE: SC-58641 |
| CALIFORNIA, | DA-CASE: INF-031558 |
| Plaintiff, | (FELONY) |
| | |
| Vs. | NOTICE OF MOTION FOR [MANDATE |
| | OF PEREMPTORY WRIT] OR [WRIT |
| HOMER E. HAWKINS (3.) | OF MANDAMUS] FOR APPROPRIATE |
| Defendant. / | SHOWING: |

TO THE ABOVE ENTITLED COURT, AND TO THE DISTRICT ATTORNEY
OF REDWOOD CITY, SAN MATEO COUNTY, STATE OF CALIFORNIA:

PLEASE TAKE NOTICE, that on "JUNE 23, 2005" in Department
"2A-COURTROOM" at "A.M. 9:00 Oclock" or as soon thereafter as
the matter may be heard. The defendant, (HOMER E. HAWKINS (3.)) will
move the court for an Order granting his motion to show why defendant
was unsecured with (PROPRIA PERSONA) privileges restricteding preparation
or presentation of the defense in [PRELIMINARY EXAMINATION].

### CASE SUMMARY

Petitioner defendant, was charged with (THE FIVE COUNTS OF [P.C.
460 (A)- RESIDENTIAL BURGLARY]; [P.C. 212.5 (C)-ROBBERY]; [P.C.
245 (A)(1)- ASSAULT WITH A DEADLY WEAPON]; [P.C. 245 (A)(1)- ASSAULT
WITH A DEADLY WEAPON]; [V.C. 2800.2 - ELUDE A PURSUING PEACE OFFICER'S
MOTOR VEHICLE].)

## OVERVIEW

Petitioner Defendant, was granted for (Pro. Per) status on "April 22, 2005" on application by [COMMISSIONER - JOSEPH N. GRUBER]:

On "May 5, 2005" did defendant have preparation of his defense in greeting Preliminary Examination? [N]o.

It is settled that the State is required by the United States Constitution to provide for "INDIGENT" defendant at preliminary hearing the appropriate expert's to atend the hearing. The preliminary hearing is a critical "STAGE" of the criminal process at which the defendant must be permitted, if he chooses, to elicit testimony or introduce evidence tending to over come the prosecution's case or establish a affirmative defense. (Jennings V. Superior Court (1967) 66 Cal. 2d 867, 880 [59 Cal. Rptr. 440, 428 P. 2d 304]; See 18 U.S. C. A. § 3006 A (e); Mason V. State of Arizona (9th Cir. 1974) 504 F. 2d 1345, 1351).) It follows, therefore, that if expert's or investigative help is necessary to the defense pending the preliminary hearing, Due Process requires the state to provide the service to indigents. (Mason V. State of Arizona, supra, 504 F. 2d 1345 at p. 1351; See also United States V. Bass (9th Cir. 1973) 477 F. 2d 723).) Criminal Law - Rights of Accused - Cases by Pen. Code, § 987, subd. (b), and in "Noncapital cases by Pen. Code, § 987. 2, which contemplate largely county funding. (Keenan, supra, 31 Cal. 3d at p. 430.)

UNITED STATES CONSTITUTION, 6th Amendment; CALIFORNIA CONSTITUTION, article I, section 15:

Of course, a trial court order may be set aside only if it constitutes an abuse of discretion. An order should presumed correct; all intendments are indulged in to support it on matters as to which the record is silent, and error must be affirmatively shown. (Denham V. Superior Court (1970) 2 Cal. 3d 557, 564 [86 Cal. Rptr. 65, 468 P. 2d 193].)

Defendant also set out in great detail the basis for his request for continuing funding of law clerks. Defendant written motion for funds declared: The need for law clerks from county Public on this matters for several months and is very familiar with the "LEGAL ASPECTS" of the Pretrial matters and has assist to prepare several of the trial motions. Their assignment will be to assist in court during the trial of the matter and this assistance has two

aspects.

FIRST, They will ready and make available to defendant/court pleadings and transcripts tabbed to specific pages from the voluminous materials required at trial. This includes five trial index binders, an index to those binders, the trial motions and notes for factual argument, and the case boxes of discovered reports and memoranda.

SECOND, Their will be conduct legal research as needed during the trial and prepare copies of cases and memoranda as needed. As this is a very complex case in re the expected testimony, the lack of this performance would [impair defendant adequacy]. They will continually work on the research and preparation of memoranda and written objections to the multitude of tangible and intangible evidence that is expected to be offered by both the People and the defendant. The detailed knowledge of this is an invaluable asset at trial.

The primary assignment will be to provide further memoranda as needed regarding specific research needing elaboration for argument on which they completed work. The remainder of their primary assignment will be to study the daily transcripts with each other during evening sessions so that needed research may be completed. It is expected that various motions will be made during trial that will arise only as trial is ongoing. These matters will need research and preparation and this will be there secondary assignment to be worked with each other. It is expected these motions will include motions to strike the testimony of witnesses, dismissal and mistrial. The motions may also be as to exclusion or suppression of tangible or intangible evidence as facts unfurl.

The law clerks will be expected to apportion through task of arranging the travel and accommodations of witnesses and expert witnesses. The clerks will be expected to brief the witnesses on the proceedings and conduct an initial interview with the witnesses. A report will then be made to defendant who will cover the important aspects, with each witness and individually prepare the experts as well. Defendant also argued that the volume of documents generated by both parties required the assistance of the law clerks in order to sort and organize the materials.

Defendant conclude that without their assistance "THIS DEFENDANT COULD NOT RECEIVE ADEQUATE OR EFFECTIVE ASSISTANCE. (Wolff v. McDonnell, supra, 418 U.S. at p. 560 [41 L. Ed. 2d at p. 953].); (Montanye v. Haymes (1976) 427 U.S. 236 [49 L. Ed. 2d 466, 96 S. Ct. 2543].); (ARMANT v. MARQUEZ (1985) 777 F. 2d 552).)

## PRAYER FOR RELIEF

PETITIONER / DEFENDANT IS WITHOUT "REMEDY",
SAVE FOR MOTION ACCORDINGLY, DEFENDANT
REQUESTS THAT THE COURT GRANT ANY AND ALL
OTHER RELIEF FOUND NECESSARY OR APPROPRIATE:

I DECLARE UNDER PENALTY OF PERJURY THAT
THE FOREGOING IS TRUE AND CORRECT ON INFOR-
MATION AND BELIEF AND THOSE I BELIEVE TO
BE TRUE:

EXECUTED ON June 28, 2005

PROPRIA PERSONA
HOMER E. HAWKINS (J.)

# EXHIBIT C

```
J2411H1            SUPERIOR COURT - HALL OF JUSTICE & RECORDS        07/25/05
SAN MATEO CJIS            IN AND FOR THE COUNTY OF SAN MATEO              10:34
ORGANIZATION: SC
```

CASE NO. SC058641 A    DATE: 07/22/05    TIME: 09:00    DEPT.: 12

PEOPLE VS. HOMER EARLE HAWKINS

```
JUDGE:   H J ELLIS, JUDGE              CLERK:     KRISTY NELSON
REPORTER: JENELL MULLANE               2ND CLERK: NONE
D.A.:    JOSEPH CANNON                 DEFENSE CO: PRO-PER
```

PROCEEDINGS: MOTIONS

CHARGES: 1. PC 460(A)
         2. PC 212.5(C)
         3. PC 245(A)(1) W/PC 1192.7(C)(23)
         4. PC 245(A)(1) W/PC 1192.7(C)(23)
         5. VC 2800.2 W/PC 1203(E)(4) W/PC 1170.12(C)(2) W/PC 1170.12(C)(2
         ) W/PC 1170.12(C)(2) W/PC 1170.12(C)(2) W/PC 667.5(B) W/PC 667.5(
         B) W/PC 667.5(B) W/PC 667.5(B) W/PC 667.5(B) W/PC 667.5(B) W/PC 6
         67.5(B) W/PC 667.5(B) W/PC 667.5(B) W/PC 667(A) W/PC 667(A) W/PC
         667(A)

DEFENDANT PRESENT IN CUSTODY.

JOHN DIGIACINTO, CHIEF COUNSEL, IS PRESENT.

CAROL WOODWARD, COUNTY COUNSEL, IS PRESENT.

OFFICER JOSE SANTIAGO IS PRESENT.

9:18 A.M. : OFFICER JOSE SANTIAGO, CALLED BY COUNTY
      COUNSEL WAS SWORN AND TESTIFIED UNDER DIRECT
      EXAMINATION.

9:25 A.M. : WITNESS EXCUSED.

ORDER FOR INVESTIGATIVE AND ANCILLARY SERVICES IS FILED.

THE DEFENDANT IS DETERMINED BY THE COURT TO BE INDIGENT
      AND IS ENTITLED TO COURT APPOINTED EXPERTS IN THE
      PREPARATION AND DEFENSE OF THIS CASE.

THE PRIVATE DEFENDER IS APPOINTED TO PROVIDE
      INVESTIGATIVE AND ANCILLARY SERVICES IN THE DEFENSE OF
      THIS CASE.

# EXHIBIT D

HOMER E. HAWKINS (Sr)
6E - ID. # 1115027
300 BRADFORD STREET
REDWOOD CITY, CA. 94063
Propria Persona for Defendant

ATTN:
Mr. JOHN S. DIGIACINTO - CHIEF DEFENDER
PRIVATE DEFENDER PROGRAM
SAN MATEO COUNTY BAR ASSOCIATION
333 BRADFORD STREET, 2nd FLOOR
REDWOOD CITY, CALIFORNIA. 94063 - 1529

Dear - John S. Digiacinto, Chief Defender...

I, "HOMER EARL HAWKINS (Sr.)" is writing this letter in concern about the response through [Mr. BRIAN VIERRA, Sr.] Private Investigator of request for "APPOINTED EXPERTS" that I asked for from your office on date of (July 29, 2005). I receive a response from Mr. B. VIERRA, telling me that your main office is "REFUSING" to prepare this serves for my preparation in defense. If this is so then will you please write me back letting me know of your denial of your answer.

As you know there was a [COURT PROCEEDINGS - OF MOTIONS] on this or these request of appointed Experts, on date of (July 22, 2005). This approvement was by [Hon. H. J. ELLIS - JUDGE] in Dept. 12, Document No. J2471H1...

If your private defender department is restricting the "PRO. PER." privileges that is initially granted from court - for Self-Representation (FARETTA V. CALIFORNIA (1975) 422 U.S. 806 [45 L. Ed. 2d 562, 95 S. Ct. 2525]), and terminology of (FERREL V. SUPERIOR COURT (1978) 20 Cal. 3d 888 [140 Cal. Rptr. 810, 576 P. 2d 93], plus (Montanye V. Haymes (1976) 427 U.S. 236 [49 L. Ed. 2d 466, 96 S. Ct. 2543]). Then "DUE PROCESS CLAUSE OF THE CONSTITUTIONAL RIGHTS" is being violated from your office. There is a undoubtedly violation of the [UNITED STATES SUPREME COURT] ruling, that your office is violating.

"A SUBSTANTIAL STATECREATE RIGHT, EVEN THOUGH CONSTITUTIONALL COMEPELLED, MAY NOT BE ARBITRARILY WITHELD.

1.

2.     I AM "PROPRIA PERSONA" FOR THE DEFENDANT IN THIS CASE!

3.

4.

5.

6.

7.     I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAW OF

8.     THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND

9.     CORRECT!

10.

11.

12.

13.

14.

15.

16.

17.

18.   DATED: Aug 8 , 2005

19.

20.

21.

22.

23.

24.

25.

26.

27.

28.

29.

30.

31.                        Homer E. Hawkins III

32.                        Signature of PROPRIA PERSONA

33.                        HOMER E. HAWKINS (3.)

34.

35.

36.

37.

38.

# EXHIBIT "E"

**EXHIBIT "E"**

**Main Office**
333 Bradford Street, 2ⁿᵈ Floor
Redwood City, California 94063-1529
650-298-4000
Fax: 650-369-8083



**PRIVATE DEFENDER PROGRAM**
SAN MATEO COUNTY BAR ASSOCIATION

Juvenile Branch
21 Tower Road
San Mateo, California 94402
650-312-5396
Fax 650-655-6221

August 16, 2005

Homer Hawkins
SMCO ID#1113027
Maguire Correctional Facility
Redwood City, CA 94063

RE: Request for Experts, August 16, 2005

Dear Mr. Hawkins:

I am in receipt of your request for experts dated August 16, 2005. It looks like you are requesting: (1) a jury selection expert; (2) a constitutional law expert; and (3) law clerks. You do not indicate in any detail why you think such experts are reasonable and necessary to your defense in this matter.

First, as to a jury selection expert, I have reviewed the police reports and see no reason why your case would require the use of such an expert. You have given us no explanation as to why such an expert would be required in this case. Merely having the assistance of such an expert is not sufficient grounds. Selecting a jury is part of being the attorney in charge of the case. You have decided to act as your own attorney and would have to pick the jury on your own.

Second, as to a constitutional law expert, I again see no reason why such an expert would be required. You have given us no reasons why such assistance is necessary. Additionally, you are essentially asking for the assistance of a lawyer. We do not provide lawyers to defendants operating "in propria persona". You have chosen to represent yourself and should undertake all aspects of that representation which includes researching constitutional law.

Third, as to a law clerk, I see no reason why such assistance is necessary. You have been provided an investigator. You have access to the jail law library. You have given us no reasons why such assistance is necessary. You are essentially asking to have a lawyer assigned to help you research and write motions like your request for a constitutional law expert. You have chosen to represent yourself which also means the requirement that you research and file your own motions.

● Homer Hawkins Letter, Page 2                                          August 16, 2005

We were ordered to provide all "reasonable and necessary" investigation and experts to the preparation and presentation of your defense.    If you disagree with our assessment of your requests, you can write directly to the court.

Sincerely yours,

Charles Robinson
Assistant Chief Defender

# EXHIBIT "F"

EXHIBIT "F"

1.      HOMER EARL HAWKINS (Sr.)

2.      SE-ID. # 1113027

3.      320 BRADFORD STREET

4.      REDWOOD CITY, CA. 94063

5.      Propria Persona for Defendant

6.

7.      ATTN!

8.      Mr. JOHN S. DIGIACINTO-CHIEF DEFENDER

9.      STATE PRIVATE DEFENDER PROGRAM

10.     SAN MATEO COUNTY BAR ASSOCIATION

11.     333 BRADFORD STREET, 2nd Floor

12.     REDWOOD CITY, CALIFORNIA. 94063-1529

13.

14.

15.         Dear - J.S. Digiacinto, Chief Defender ...

16.

17.         DECLARATION OF [HOMER E. HAWKINS (Sr.)]:

18.         I, "HOMER E. HAWKINS (Sr.), Hereby declare and say the following:

19.     A True and correct copy of a "LETTER" that was sent on date

20.     of (Aug. 3, 2005) for stateing of [ANCILLARY SERVICES OF EXPERTS

21.     FOR MY DEFENSE] of this case. But was "REFUSE" in this request.

22.     Now this office wants the "SPECIFIC" of what I am requesting for.

23.     I need Services under "Pen. Code §927, 2; Criminal Law § 43-Rights

24.     of Accused, Enumerated Experts; Expert witnesses; Jury Selection

25.     Experts; Defense Services of (CONSTITUTIONAL LEGAL OF LAW

26.     EXPERT); And Law Clerks...

27.         This services in relation to criminal proceedings for which

28.

1. no pecific compensation is prescribed by law ..... (Gov. Code, § 29602,
2. italics added.) Expenses under "GOVERNMENT CODE SECTION 29602"
3. are "COUNTY CHARGES" that shall be paid by the county (AUDITOR)
4. without regard to the existence of a specifi appropriation to the
5. same extent that the county board of supervisors may do so. (Gov.
6. Code, § 29741 subd. (d).)
7.
8.
9.     I DECLARE UNDER PENALTY OF PERJURY THAT
10.    THE FOREGOING IS TRUE AND CORRECT.
11.
12.
13.
14.    DATED: Aug 16    , 2005
15.
16.
17.
18.
19.
20.
21.
22.         Homer E Hawkins III
23.         Signature of PROPRIA PERSENA
24.         HOMER EARL HAWKINS (3.)
25.
26.
27.
28.

1

2

3

4 

5

6                    UNITED STATES DISTRICT COURT

7                  NORTHERN DISTRICT OF CALIFORNIA

8

9  HOMER E. HAWKINS,                        No. C 08-1087 SI (pr)

10              Petitioner,                 **ORDER OF DISMISSAL WITH
                                            LEAVE TO AMEND**

11      v.

12  DEBORAH DEXTER, warden,

13              Respondent.

14  _____/

15

16                          **INTRODUCTION**

17      Homer E. Hawkins, an inmate at the Ironwood State Prison, filed this pro se action for

18  a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for

19  review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

20

21                          **BACKGROUND**

22      Hawkins states in his petition that he was convicted in San Mateo County Superior Court

23  of first degree burglary, second degree robbery, two counts of assault with a deadly weapon, and

24  evading a police officer. He also apparently was found to have suffered prior convictions. On

25  December 20, 2005, he was sentenced to 80 years to life in prison. His conviction was affirmed

26  by the California Court of Appeal and his petition for review was denied by the California

27  Supreme Court. He then filed this action.

28

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition asserts four claims. First, Hawkins claims that his right to due process was violated because the trial court failed to sua sponte instruct the jury on grand theft as a lesser-included offense of robbery. Second, Hawkins claims that the evidence was insufficient to support the conviction for two counts of assault with a deadly weapon (which, liberally construed, states a due process claim). Third, Hawkins claims that his 80-to-life sentence (a) was cruel and unusual punishment and (b) was imposed without the facts being found by a jury and beyond a reasonable doubt. See Blakely v. Washington, 542 U.S. 296 (2004). These three claims are cognizable in a federal habeas action.

Hawkins' fourth claim is incomprehensible. See Petition, p. 11. Hawkins will be given leave to amend so that he may file an amendment in which he states this claim. Hawkins should state in his amendment to the petition what constitutional right was violated and give a very short statement of the facts that show the constitutional violation.

**CONCLUSION**

For the foregoing reasons, the petition is dismissed with leave to amend. Hawkins must file an amendment to the petition no later than **April 18, 2008**. Hawkins is cautioned that any claim he presents here must first have been presented to the California Supreme Court in order

2

1    to exhaust his state court remedies. <u>See</u> 28 U.S.C. § 2254(b), (c).  Failure to file an amendment

2    to the petition by the deadline will result in the dismissal of the fourth claim and the action will

3    go forward with only the first three claims.

4        IT IS SO ORDERED.

5    DATED: March 4, 2008

                                    SUSAN ILLSTON

6                               United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

### UNITED STATES DISTRICT COURT

### FOR THE

### NORTHERN DISTRICT OF CALIFORNIA

HOMER E HAWKINS,

Plaintiff,

v.

DEBORAH DEXTER et al,

Defendant.

_____/

Case Number: CV08-01087 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 5, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Homer E. Hawkins
Ironwood Prison
Prisoner Id C-55875/2c-217
P.O. Box 2199
Blythe, CA 92226

Dated: March 5, 2008

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk

HOMER E. HAWKINS (3)
CDC. # I.D. C-55875
IRONWOOD STATE PRISON
P.O. BOX = 2199
Blythe, CA. 92226

UNITED STATES POSTAGE
PITNEY BOWES
$ 01.480
02 1A
0004624898
MAILED FROM ZIP CODE 92225
MAR 20 2008



ATTN:

        OFFICE OF CLERK
        U.S. DISTRICT COURT
        NORTHERN DISTRICT
        OF CALIFORNIA
        450 GOLDEN GATE AVE.
        SAN FRANCISCO, CALIFORNIA
        zip - 94102