UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER E. HAWKINS, | No. C 08-1087 SI (pr) |
| Petitioner, | **ORDER OF PARTIAL DISMISSAL AND TO SHOW CAUSE** |
| v. | |
| DEBORAH DEXTER, warden, | |
| Respondent. | |

## INTRODUCTION

Homer E. Hawkins, an inmate at the Ironwood State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court reviewed the petition, found three cognizable habeas claims and dismissed a fourth claim with leave to amend because it was incomprehensible. Hawkins then filed a "reply from order leave to amend" (docket # 5) that appears to be the amendment to the petition the court ordered and will be referred to as the amendment. The amendment to the petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Hawkins was convicted in San Mateo County Superior Court of first degree burglary, second degree robbery, two counts of assault with a deadly weapon, and evading a police officer. He also was found to have suffered prior convictions. On December 20, 2005, he was sentenced to 80 years to life in prison. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. He then filed this action.

**DISCUSSION**

A.    Review Of Amendment To Petition

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

As noted earlier, the court dismissed the fourth claim with leave to amend. The court directed Hawkins to file an amendment and that he should state in his amendment to the petition what constitutional right was violated and give a very short statement of the facts that show the constitutional violation. The amendment appears to allege three new claims: interference with Hawkins' right to represent himself, due process violations in court rulings, and ineffective assistance of counsel. For the reasons explained below, all three will be dismissed.

1.    Claim For Interference With Faretta Right

Hawkins alleges in his amendment that he was not able to effectively represent himself as permitted by Faretta v. California, 422 U.S. 806 (1975), because (a) his pro per privileges and access to materials and services were restricted despite the trial court's orders permitting them, and (b) the San Mateo County Private Defender Program refused to provide a jury selection

2

expert, a constitutional law expert, and law clerks requested by Hawkins to assist him.

This claim runs into the insurmountable hurdle posed by <u>Kane v. Espitia</u>, 546 U.S. 9 (2005), which rejected under § 2254(d) a similar claim that a criminal defendant's lack of access to the law library violated his <u>Faretta</u> right. Although there is a split in the circuit courts as to whether <u>Faretta</u> implies a right of a self-represented defendant to have access to a law library, "it is clear that <u>Faretta</u> does not, as § 2254(d)(1) requires, 'clearly establis[h]' the law library access right. In fact, <u>Faretta</u> says nothing about any specific legal aid that the State owes a <u>pro se</u> criminal defendant." <u>Espitia</u>, 546 U.S. at 10. In other words, while Hawkins had a right to represent himself, there is no clearly established law from the U.S. Supreme Court as to the supplies and services that had to be provided to him to conduct that representation. Without the clearly established law from the Supreme Court, the state court's rejection of Hawkins' <u>Faretta</u> claim cannot be contrary to or an unreasonable application of it as required for habeas relief under 28 U.S.C. § 2254(d). Hawkins' <u>Faretta</u>-based claim fails for lack of clearly established law on the point from the Supreme Court.

To the extent Hawkins might try to base his claim on the constitutional right of access to the courts, he would fare no better.[1] The constitutional right is one of access to the courts and there is no freestanding right to the means to that end; thus, for example, there is no right to a law library or to a particular legal access program. <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343 (1996). <u>Lewis</u> endorsed the idea of continued local experimentation of assuring access to the courts by, for example, replacing law libraries with minimal access to legal advice and court-approved forms. <u>Id.</u> at 352. Various circuits, including the Ninth Circuit, have concluded that making legal assistance available at government expense, if required, provides a constitutionally permissible means of access to the court. <u>See</u> <u>United States v. Wilson</u>, 690 F.2d 1267, 1271 (9th Cir. 1982), <u>cert. denied</u>, 464 U.S. 867 (1983). "When such adequate access is provided, as was

---

[1] An inmate has a constitutional right of access to the courts. <u>See</u> <u>Lewis v. Casey</u>, 518 U.S. 343 (1996); <u>Bounds v. Smith</u>, 430 U.S. 817 (1977). To establish a claim for any violation of the right of access to the courts, the inmate must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. <u>See</u> <u>Lewis</u>, 518 U.S. at 350-55.

3

1  here, an inmate may not reject the method provided and insist on an avenue of his or her
2  choosing." Id. "The offer of court-appointed counsel to represent [defendant] satisfied the Fifth
3  Amendment obligation to provide meaningful access to the courts." Id. at 1272. The court-
4  appointed counsel that was available to Hawkins comported with Lewis' vision of varying local
5  methods that provided access to the courts. Hawkins' choice to not use the court-appointed
6  counsel available did not mean that the state had to provide the means for him to pursue his
7  alternative course of action. Further, the applicability of a "right of access to the courts" is
8  questionable in the context of a criminal defendant's defense of his case; the state is pursuing
9  charges against him and he is not trying to present a claim against the state or its agents. Cf.
10 Lewis, 518 U.S. at 354 (constitutional right does not include a right to litigate effectively once
11 in court). The absence of clearly established law from the Supreme Court is fatal to any claim
12 of a denial of the constitutional right of access to the courts.

14      2.   Alleged Denial Of Due Process In Court Rulings
15 Hawkins also claims "that the 'JUDICIAL PERFORMANCE BY JUDGE' was abuse of
16 discretion, because the honorable Judge [Mr. JOHN L. GRANDSAERT] denied all motion that
17 was a violation of Due Process. (See exhibit cover page [3], dated 8/16/05 - 10/14/05 -
18 10/17/05) (Exhibit B)." Amendment, p. 2 (capitalization and punctuation as in original).
19 The court understands Hawkins' statement to be a claim that his right to due process was
20 violated by the trial court's rulings on those dates. The problems with this claim are generality
21 and a failure to provide the factual statement in support of the conclusory allegation. The trial
22 court made at least fifteen rulings on the dates identified by Hawkins,[2] yet Hawkins has not

---

[2] Exhibit B to Exhibit 3 to the petition – not to be confused with Exhibit B to the amendment -- shows that numerous rulings were made by the trial court on the dates in question. The court's minutes for August 16, 2005 show that the trial court denied a defense motion regarding the grand jury, denied a defense discovery motion, overruled defense objections to the admission of Exhibits 1 and 5, and denied a defense motion to suppress. Other topics (such as bail and scheduling matters) are mentioned in the minutes for August 16, 2005, but the minutes do not indicate whether the trial court's rulings were adverse or acceptable to Hawkins. The minutes for October 14, 2005, the second day identified by Hawkins, show that the trial court

1 identified the particular rulings that he claims violated his right to due process, nor has he
2 explained how or why those rulings violated his right to due process. Consequently this court
3 and respondent would have to guess which of at least 15 rulings Hawkins wants to challenge and
4 why he thinks they violated his right to due process

5       Hawkins' failure to specify which of the many rulings violated his right to due process
6 and why those rulings did so makes the claim deficient. Rule 2(c) of the Rules Governing
7 Habeas Corpus cases requires the petitioner to "specify all the grounds for relief available to
8 [him]" and to "state the facts supporting each ground." See also Hendricks v. Vasquez, 908 F.2d
9 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity);
10 Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir. 1979) (same). A prime purpose of Rule
11 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in
12 determining whether the state should be ordered to show cause why the writ should not be
13 granted. Mayle v. Felix, 545 U.S. 644, 655-56 (2005) (citing 28 U.S.C. § 2253). Hawkins'
14 allegation that all the adverse rulings on three days violated his right to due process is a
15 conclusory allegation that fail to state a claim and do not suffice to shift the burden to the state
16 to answer an order to show cause. See Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir. 1970).

17       Where a petition is deficient the petitioner should be given leave to amend. See Jarvis
18 v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971); Ballard v. Nelson, 423 F.2d 71, 73 (9th Cir. 1970).
19 The court already took that step and gave Hawkins a month to prepare his amendment to the
20 petition. Further leave to amend will not be granted because it would be futile. The court
21 already specifically directed Hawkins to provide a very short statement of facts that show the
22 constitutional violation and he was unable or unwilling to do so. The due process claim is

---

denied the defense motion for appointment of experts, made a finding that the defendant had been given access to the law library, made a finding that the defendant's investigating officer did have access to the people's exhibits, denied a defense motion to disqualify Judge Grandsaert, denied a defense motion "re: Miranda," denied a defense motion "re: PC 1538.5," denied a defense motion "re: right to certain services," denied a defense motion to exclude evidence, and denied a defense motion to dismiss priors. The minutes for October 17, 2005, the third day identified by Hawkins, show that the trial court denied a defense motion to have expert assistance in jury selection and denied a "defense motion his rights has been violated."

1 dismissed without leave to amend.

### 3. Alleged Ineffective Assistance Of Appellate Counsel

Hawkins asserts in his amendment to the petition: "Petitioner will show that the Effective Assistance was in violation because the appellant counsel did not want to 'DISTILL' all the Trial Transcript's. (See EXHIBIT COVER PAGE [2] (Exhibit's - D)." Amendment, p. 2.

The exhibit that purportedly shows the ineffective assistance of counsel actually shows that this claim is plainly meritless. Exhibit 2-D to the petition includes a letter from Hawkins' appellate attorney, Ross Thomas. Attorney Thomas forwarded to Hawkins a copy of the appellant's opening brief he had filed, reviewed the appellate process, and explained the arguments made in the appellant's opening brief. The part[3] of the letter that appears to give rise to Hawkins' claim was attorney Thomas' description of a part of the appellant's opening brief:

> You will notice that both the Statement of Case and Facts are very limited descriptions of the procedural history of the case and the evidence presented by the prosecution. It is very important to note that the Court will not decide the case based on these statements. Instead, the purpose of these statements is to provide the Court with a short description of the kind of case it is dealing with. Additionally, *your trial record is well over 1600 pages long. Realistically, there is no way that I can distill all the facts in this lengthy record into a statement of facts of a reasonable length.*

Id. (emphasis added.)

The appellant's opening brief was 28 pages and had a 3-1/2 page statement of facts. See Petition, Exh. 1. Hawkins has failed to identify anything that should have been, but was not, included in the statement of facts. Also, the length of the statement of facts in Hawkins' opening brief was not notably out of line with the 5-1/4 page statement of facts in the respondent's brief or the 1-1/2 page statement of facts in the California Court of Appeal's opinion. Attorney

---

[3]Attorney Thomas also mentioned the transcript in one other place in his letter. He wrote that "appellate review is limited to the trial records." Exh. 2-D. He explained that those records included the clerk's transcript and reporter's transcript. Thomas then explained that it was his job to review the records and find legal errors that affected Hawkins' right to a fair trial. "*In an appeal, my review can go no further than the transcript because the Court of Appeal's review is also limited to the transcript.* Consequently, if the transcript does not support a claim of legal error I cannot raise the claim on appeal." Id. (emphasis added). This statement was not legally incorrect and does not support an ineffective assistance of appellate counsel claim.

Thomas' observation that he could not distill a 1,600 page transcript into a statement of facts of a reasonable length did not indicate ineffective assistance or poor appellate skills but merely reflected the obvious: due to appellate court page limits, a statement of facts in an appellate brief will be a greatly condensed version of the evidence especially with a long trial transcript. Despite Hawkins' apparent assumption to the contrary, brevity does not equal incompetence. In light of Hawkins' failure to identify any prejudicial gap in the factual presentation, he has failed to state a claim for habeas relief for ineffective assistance of appellate counsel.

B.      <u>An Order To Show Cause Will Issue On The Claims Already Found Cognizable</u>

As mentioned earlier in this order, when the court reviewed the original petition, it found three claims alleged in the original petition to be cognizable in a federal habeas action. First, Hawkins claims that his right to due process was violated because the trial court failed to <u>sua sponte</u> instruct the jury on grand theft as a lesser-included offense of robbery. Second, Hawkins claims that the evidence was insufficient to support the conviction for two counts of assault with a deadly weapon (which, liberally construed, states a due process claim). Third, Hawkins claims that his 80-to-life sentence (a) was cruel and unusual punishment <u>and</u> (b) was imposed without the facts being found by a jury and beyond a reasonable doubt. <u>See</u> <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). The order to show cause will be issued as to these three claims.

**CONCLUSION**

For the foregoing reasons,

1.      The petition states three cognizable claims for habeas relief and warrants a response. All other claims are dismissed without leave to amend.

2.      Petitioner's application to proceed in forma pauperis is GRANTED. The clerk shall serve by certified mail a copy of this order and the contents of the case file upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3. Respondent must file and serve upon petitioner, on or before **June 27, 2008**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **August 1, 2008**.

IT IS SO ORDERED.

DATED: April 18, 2008

_____
SUSAN ILLSTON
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

HOMER E HAWKINS,

        Plaintiff,

v.

DEBORAH DEXTER et al,

        Defendant.

Case Number: CV08-01087 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Homer E. Hawkins
Ironwood Prison
Prisoner Id C-55875/2c-217
P.O. Box 2199
Blythe, CA 92226

Dated: April 22, 2008

                                       Richard W. Wieking, Clerk
                                       By: Tracy Sutton, Deputy Clerk