FILED
08 MAY -8 PM 4:33

1  HOMER E. HAWKINS (3)

2  CDC. # ID. C-55275

3  IRONWOOD STATE PRISON

4  P.O. BOX = 2199

5  Blythe, CA.

6  Zip - 92226

7

8     UNITED STATES DISTRICT COURT FOR

9     NORTHERN DISTRICT OF CALIFORNIA

10

11  HOMER E. HAWKINS (3)          ,        No. C-08-1087-SI (pr)

12              Petitioner     ,

13                             ,        REPLY FROM ORDER OF

14       Vs.                   ,        PARTIAL DISMISSAL :

15                             ,

16  DEBORAH DEXTER, Warden     ,        NOTICE OF APPEAL :

17              Respondent.    ,        28 U.S.C.A. § 1654

18

19             INTRODUCTION

20

21   Homer E. Hawkins (3), an inmate at the Ironwood State Prison, this pro se

22  action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

23   Federal Rules of Appellate Procedure (Rule - 3 (c)(1)(B), (d)(2) - Serving

24  the Notice of Appeal); (Rule - 4 (c)(1)(3) - Appeal by an Inmate Confined

25  in an Institution); (Rule - 4 (b)(1)(B)(i) - Appeal in a Criminal Case).)

26   28 USCA - Section - 1654 (statutory right to conduct one's own case personally or by

27  counsel, See Wright, Federal Practice and Procedure : Criminal - 2d § 731.

28

1   REPLY FROM DISTRICT JUDGE DISMISSAL

2   OF INTERFERENCE WITH FARETTA RIGHT :

3

4   The "HONORBLE DISTRICT JUDGE (Mrs. SUSAN ILLSTON) Statement

5   on claim that I petitioner would runs into the insurmountable hurdle

6   under (Kane v. Espitia, 546 U.S. 9 (2005)) was a Error. Because (Kane v.

7   Espitia, 546 u.s. 9 (2005), (quoting) (Bribiesca v. Galaza, 215 F. 3d.

8   1015, 1020 (9th Cir. 2000) (An incarcerated criminal defendant who chooses to

9   represent himself has a constitutional right to access to "LAW LIBRA-

10  RIES BOOKS" or other "TOOLS" to assist him in preparing a defense. Id

11  215 F. 3d 1020 [THE COURT : SET A TRIAL DATE]. "SEE EXHIBIT - B " A "

12  Kane v. Garcia Expitia, (quoting) (Espitia v. Ortiz, 113 Fed. Appx. 202

13  (C.A. 9th Cir. 2004), A necessary condition for federal habeas relief here is

14  that the state court's decision be "CONTRARY TO OR INVOLVE" an un-

15  reasonable application of, clearly established Federal Law, as determined

16  by the Supreme Court of the United States, "28 U.S.C. § 2254 (d)(1)".

17  Neither the opinion below, nor any of the appellate cases it relies on, identifies

18  a source in our case law for the Law Library access right, other than

19  (Faretta) 422 U.S. 806. See - 113 Fed. Appx., at 204 (relying on-Bribiesca

20  V. Galaza).) "SEE EXHIBIT - D "

21

22          CONSTITUTIONAL LAW

23

24  Under (MILTON V. MORRIS, 767 F. 2d. 1443 - 46 (9th Cir. 1985),

25  petitioner "DUE PROCESS " rights were violated, without having the

26  opportunity to have prepare, Trial Court orders concerning Telephone usage

27  on legal runner, and compulsory process for favorable witnesses. (quoting)

28

1

2  (Faretta, 422 U.S. at 819-20, 95 S. Ct. at 2533-34 [footnote omitted].

3  The accused in this case, who made every effort to prepare a defense and was

4  thwarted in those efforts, was denied his "Right to make his defense". Id. at

5  819, 95 S. Ct. at 2533.) "SEE EXHIBIT's - C"

6      Milton v. Morris, Constitutional Law - 92 K 262.1(1), In General-

7  E.D. Pa. 1995 (Ex parte review, because it prevents defendant from demon-

8  strating whatever merit's defendant argument may have, is a violation of

9  rights to Due Process in criminal proceedings and also constructively inter-

10  feres with defendant "SIXTH AMENDMENT" right's, [U.S.C.A. Const.

11  Amends. 5,6,14].)

12      SEE EXHIBIT COVER PAGE - A (P. 2, 3, 4)

13

14

15              DECLARATION OF

16

17    I, "HOMER E. HAWKINS (3)", do declare that I am the petitioner in the

18  within action, and that,

19

20

21

22

23    Respectfully dated this  6  day of  May _____ , 2008.

24

25

26

27                           Homer E. Hawkins III

28                           Petitioner - HOMER E. HAWKINS (3)

# EXHIBIT COVER PAGE $\boxed{A}$

EXHIBT

Description of this Exhibit:

Case No. $C - 08 - 1087 - SI (pr)$
v.
HAWKINS V. DEBORAH DEXTER, Warden

Number of pages to this Exhibit ___8___ pages.

## JURISDICTION:  (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☑ United States District Court
☐ State Circuit Court
☐ United State Supreme Court
☐ Grand Jury

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

FILED

APR 2 8 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HOMER E. HAWKINS,                         No. C 08-1087 SI (pr)

    Petitioner,                          **ORDER OF PARTIAL DISMISSAL**
                                          **AND TO SHOW CAUSE**
    v.

DEBORAH DEXTER, warden,

    Respondent.
                   /

**INTRODUCTION**

Homer E. Hawkins, an inmate at the Ironwood State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court reviewed the petition, found three cognizable habeas claims and dismissed a fourth claim with leave to amend because it was incomprehensible. Hawkins then filed a "reply from order leave to amend" (docket # 5) that appears to be the amendment to the petition the court ordered and will be referred to as the amendment. The amendment to the petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

**BACKGROUND**

Hawkins was convicted in San Mateo County Superior Court of first degree burglary, second degree robbery, two counts of assault with a deadly weapon, and evading a police officer. He also was found to have suffered prior convictions. On December 20, 2005, he was sentenced to 80 years to life in prison. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. He then filed this action.

1

**DISCUSSION**

2    A.    Review Of Amendment To Petition

3        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

4    custody pursuant to the judgment of a State court only on the ground that he is in custody in

5    violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A

6    district court considering an application for a writ of habeas corpus shall "award the writ or issue

7    an order directing the respondent to show cause why the writ should not be granted, unless it

8    appears from the application that the applicant or person detained is not entitled thereto." 28

9    U.S.C. § 2243.

10        The petition may not be granted with respect to any claim that was adjudicated on the

11    merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision

12    that was contrary to, or involved an unreasonable application of, clearly established Federal law,

13    as determined by the Supreme Court of the United States; or (2) resulted in a decision that was

14    based on an unreasonable determination of the facts in light of the evidence presented in the

15    State court proceeding." 28 U.S.C. § 2254(d).

16        As noted earlier, the court dismissed the fourth claim with leave to amend. The court

17    directed Hawkins to file an amendment and that he should state in his amendment to the petition

18    what constitutional right was violated and give a very short statement of the facts that show the

19    constitutional violation. The amendment appears to allege three new claims: interference with

20    Hawkins' right to represent himself, due process violations in court rulings, and ineffective

21    assistance of counsel. For the reasons explained below, all three will be dismissed.

22

23        1.    Claim For Interference With Faretta Right

24        Hawkins alleges in his amendment that he was not able to effectively represent himself

25    as permitted by Faretta v. California, 422 U.S. 806 (1975), because (a) his pro per privileges and

26    access to materials and services were restricted despite the trial court's orders permitting them,

27    and (b) the San Mateo County Private Defender Program refused to provide a jury selection

28

2

expert, a constitutional law expert, and law clerks requested by Hawkins to assist him.

This claim runs into the insurmountable hurdle posed by Kane v. Espitia, 546 U.S. 9 (2005), which rejected under § 2254(d) a similar claim that a criminal defendant's lack of access to the law library violated his Faretta right. Although there is a split in the circuit courts as to whether Faretta implies a right of a self-represented defendant to have access to a law library, "it is clear that Faretta does not, as § 2254(d)(1) requires, 'clearly establis[h]' the law library access right. In fact, Faretta says nothing about any specific legal aid that the State owes a pro se criminal defendant." Espitia, 546 U.S. at 10. In other words, while Hawkins had a right to represent himself, there is no clearly established law from the U.S. Supreme Court as to the supplies and services that had to be provided to him to conduct that representation. Without the clearly established law from the Supreme Court, the state court's rejection of Hawkins' Faretta claim cannot be contrary to or an unreasonable application of it as required for habeas relief under 28 U.S.C. § 2254(d). Hawkins' Faretta-based claim fails for lack of clearly established law on the point from the Supreme Court.

To the extent Hawkins might try to base his claim on the constitutional right of access to the courts, he would fare no better.[1] The constitutional right is one of access to the courts and there is no freestanding right to the means to that end; thus, for example, there is no right to a law library or to a particular legal access program. See Lewis v. Casey, 518 U.S. 343 (1996). Lewis endorsed the idea of continued local experimentation of assuring access to the courts by, for example, replacing law libraries with minimal access to legal advice and court-approved forms. Id. at 352. Various circuits, including the Ninth Circuit, have concluded that making legal assistance available at government expense, if required, provides a constitutionally permissible means of access to the court. See United States v. Wilson, 690 F.2d 1267, 1271 (9th Cir. 1982), cert. denied, 464 U.S. 867 (1983). "When such adequate access is provided, as was

[1]An inmate has a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343 (1996); Bounds v. Smith, 430 U.S. 817 (1977). To establish a claim for any violation of the right of access to the courts, the inmate must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis, 518 U.S. at 350-55.

3

1    here, an inmate may not reject the method provided and insist on an avenue of his or her

2    choosing." Id. "The offer of court-appointed counsel to represent [defendant] satisfied the Fifth

3    Amendment obligation to provide meaningful access to the courts." Id. at 1272.  The court-

4    appointed counsel that was available to Hawkins comported with Lewis' vision of varying local

5    methods that provided access to the courts.   Hawkins' choice to not use the court-appointed

6    counsel available did not mean that the state had to provide the means for him to pursue his

7    alternative course of action.  Further, the applicability of a "right of access to the courts" is

8    questionable in the context of a criminal defendant's defense of his case; the state is pursuing

9    charges against him and he is not trying to present a claim against the state or its agents. Cf.

10   Lewis, 518 U.S. at 354 (constitutional right does not include a right to litigate effectively once

11   in court).  The absence of clearly established law from the Supreme Court is fatal to any claim

12   of a denial of the constitutional right of access to the courts.

14         2.   Alleged Denial Of Due Process In Court Rulings

15        Hawkins also claims "that the 'JUDICIAL PERFORMANCE BY JUDGE' was abuse of

16   discretion, because the honorable Judge [Mr. JOHN L. GRANDSAERT] denied all motion that

17   was a violation of Due Process.  (See exhibit cover page [3], dated 8/16/05 - 10/14/05 -

18   10/17/05) (Exhibit B)."  Amendment, p. 2 (capitalization and punctuation as in original).

19        The court understands Hawkins' statement to be a claim that his right to due process was

20   violated by the trial court's rulings on those dates.  The problems with this claim are generality

21   and a failure to provide the factual statement in support of the conclusory allegation.  The trial

22   court made at least fifteen rulings on the dates identified by Hawkins,[2] yet Hawkins has not

24       [2]Exhibit B to Exhibit 3 to the petition – not to be confused with Exhibit B to the
amendment -- shows that numerous rulings were made by the trial court on the dates in question.
25   The court's minutes for August 16, 2005 show that the trial court denied a defense motion
regarding the grand jury, denied a defense discovery motion, overruled defense objections to the
26   admission of Exhibits 1 and 5, and denied a defense motion to suppress.  Other topics (such as
bail and scheduling matters) are mentioned in the minutes for August 16, 2005, but the minutes
27   do not indicate whether the trial court's rulings were adverse or acceptable to Hawkins.   The
minutes for October 14, 2005, the second day identified by Hawkins, show that the trial court
28

1 identified the particular rulings that he claims violated his right to due process, nor has he
2 explained how or why those rulings violated his right to due process. Consequently this court
3 and respondent would have to guess which of at least 15 rulings Hawkins wants to challenge and
4 why he thinks they violated his right to due process

5          Hawkins' failure to specify which of the many rulings violated his right to due process
6 and why those rulings did so makes the claim deficient. Rule 2(c) of the Rules Governing
7 Habeas Corpus cases requires the petitioner to "specify all the grounds for relief available to
8 [him]" and to "state the facts supporting each ground." See also Hendricks v. Vasquez, 908 F.2d
9 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity);
10 Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir. 1979) (same). A prime purpose of Rule
11 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in
12 determining whether the state should be ordered to show cause why the writ should not be
13 granted. Mayle v. Felix, 545 U.S. 644, 655-56 (2005) (citing 28 U.S.C. § 2253). Hawkins'
14 allegation that all the adverse rulings on three days violated his right to due process is a
15 conclusory allegation that fail to state a claim and do not suffice to shift the burden to the state
16 to answer an order to show cause. See Allard v. Nelson, 423 F.2d 1216, 1217 (9th Cir. 1970).

17          Where a petition is deficient the petitioner should be given leave to amend. See Jarvis
18 v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971); Ballard v. Nelson, 423 F.2d 71, 73 (9th Cir. 1970).
19 The court already took that step and gave Hawkins a month to prepare his amendment to the
20 petition. Further leave to amend will not be granted because it would be futile. The court
21 already specifically directed Hawkins to provide a very short statement of facts that show the
22 constitutional violation and he was unable or unwilling to do so. The due process claim is

23

24 denied the defense motion for appointment of experts, made a finding that the defendant had
been given access to the law library, made a finding that the defendant's investigating officer did
25 have access to the people's exhibits, denied a defense motion to disqualify Judge Grandsaert,
denied a defense motion "re: Miranda," denied a defense motion "re: PC 1538.5," denied a
26 defense motion "re: right to certain services," denied a defense motion to exclude evidence, and
denied a defense motion to dismiss priors. The minutes for October 17, 2005, the third day
27 identified by Hawkins, show that the trial court denied a defense motion to have expert
assistance in jury selection and denied a "defense motion his rights has been violated."
28

5

1  dismissed without leave to amend.

2

3    3.    Alleged Ineffective Assistance Of Appellate Counsel

4        Hawkins asserts in his amendment to the petition: "Petitioner will show that the Effective

5  Assistance was in violation because the appellant counsel did not want to 'DISTILL' all the Trial

6  Transcript's. (See EXHIBIT COVER PAGE [2] (Exhibit's - D))." Amendment, p. 2.

7        The exhibit that purportedly shows the ineffective assistance of counsel actually shows

8  that this claim is plainly meritless. Exhibit 2-D to the petition includes a letter from Hawkins'

9  appellate attorney, Ross Thomas. Attorney Thomas forwarded to Hawkins a copy of the

10 appellant's opening brief he had filed, reviewed the appellate process, and explained the

11 arguments made in the appellant's opening brief. The part[3] of the letter that appears to give rise

12 to Hawkins' claim was attorney Thomas' description of a part of the appellant's opening brief:

13      You will notice that both the Statement of Case and Facts are very limited descriptions
        of the procedural history of the case and the evidence presented by the prosecution. It is
14      very important to note that the Court will not decide the case based on these statements.
        Instead, the purpose of these statements is to provide the Court with a short description
15      of the kind of case it is dealing with. Additionally, *your trial record is well over 1600
        pages long. Realistically, there is no way that I can distill all the facts in this lengthy
16      record into a statement of facts of a reasonable length.*

17 Id. (emphasis added.)

18      The appellant's opening brief was 28 pages and had a 3-1/2 page statement of facts. See

19 Petition, Exh. 1. Hawkins has failed to identify anything that should have been, but was not,

20 included in the statement of facts. Also, the length of the statement of facts in Hawkins' opening

21 brief was not notably out of line with the 5-1/4 page statement of facts in the respondent's brief

22 or the 1-1/2 page statement of facts in the California Court of Appeal's opinion. Attorney

23

24      [3]Attorney Thomas also mentioned the transcript in one other place in his letter. He wrote
        that "appellate review is limited to the trial records." Exh. 2-D. He explained that those records
25      included the clerk's transcript and reporter's transcript. Thomas then explained that it was his
        job to review the records and find legal errors that affected Hawkins' right to a fair trial. "*In an
26      appeal, my review can go no further than the transcript because the Court of Appeal's review
        is also limited to the transcript.* Consequently, if the transcript does not support a claim of legal
27      error I cannot raise the claim on appeal." Id. (emphasis added). This statement was not legally
        incorrect and does not support an ineffective assistance of appellate counsel claim.
28

6

1   Thomas' observation that he could not distill a 1,600 page transcript into a statement of facts of
2   a reasonable length did not indicate ineffective assistance or poor appellate skills but merely
3   reflected the obvious: due to appellate court page limits, a statement of facts in an appellate brief
4   will be a greatly condensed version of the evidence especially with a long trial transcript.
5   Despite Hawkins' apparent assumption to the contrary, brevity does not equal incompetence. In
6   light of Hawkins' failure to identify any prejudicial gap in the factual presentation, he has failed
7   to state a claim for habeas relief for ineffective assistance of appellate counsel.

8

9   B.    An Order To Show Cause Will Issue On The Claims Already Found Cognizable

10        As mentioned earlier in this order, when the court reviewed the original petition, it found
11  three claims alleged in the original petition to be cognizable in a federal habeas action. First,
12  Hawkins claims that his right to due process was violated because the trial court failed to sua
13  sponte instruct the jury on grand theft as a lesser-included offense of robbery. Second, Hawkins
14  claims that the evidence was insufficient to support the conviction for two counts of assault with
15  a deadly weapon (which, liberally construed, states a due process claim). Third, Hawkins claims
16  that his 80-to-life sentence (a) was cruel and unusual punishment and (b) was imposed without
17  the facts being found by a jury and beyond a reasonable doubt. See Blakely v. Washington, 542
18  U.S. 296 (2004). The order to show cause will be issued as to these three claims.

19
20                                      **CONCLUSION**
21        For the foregoing reasons,

22        1.    The petition states three cognizable claims for habeas relief and warrants a
23  response. All other claims are dismissed without leave to amend.

24        2.    Petitioner's application to proceed in forma pauperis is GRANTED. The clerk
25  shall serve by certified mail a copy of this order and the contents of the case file upon respondent
26  and respondent's attorney, the Attorney General of the State of California. The clerk shall also
27  serve a copy of this order on petitioner.

28
                                           7

1       3.      Respondent must file and serve upon petitioner, on or before **June 27, 2008**, an

2 answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,

3 showing cause why a writ of habeas corpus should not be issued. Respondent must file with the

4 answer a copy of all portions of the court proceedings that have been previously transcribed and

5 that are relevant to a determination of the issues presented by the petition.

6       4.      If petitioner wishes to respond to the answer, he must do so by filing a traverse

7 with the court and serving it on respondent on or before **August 1, 2008**.

8       IT IS SO ORDERED.

9 DATED: April 18, 2008

                                         SUSAN ILLSTON

10                                          United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

### FOR THE

### NORTHERN DISTRICT OF CALIFORNIA

HOMER E HAWKINS,

Plaintiff,

v.

DEBORAH DEXTER et al,

Defendant.

_____/

Case Number: CV08-01087 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Homer E. Hawkins
Ironwood Prison
Prisoner Id C-55875/2c-217
P.O. Box 2199
Blythe, CA 92226

Dated: April 22, 2008

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk

# EXHIBIT COVER PAGE 

EXHIBIT

Description of this Exhibit:

Case No. $SC-052641-A$
People v. *HOMER E. HAWKINS (3)*

Number of pages to this Exhibit ___*1*___ pages.

JURISDICTION: (Check only one)

- ☐ Municipal Court
- ☑ Superior Court
- ☐ Appellate Court
- ☐ State Supreme Court
- ☐ United States District Court
- ☐ State Circuit Court
- ☐ United State Supreme Court
- ☐ Grand Jury

J2411H1          SUPERIOR COURT - HALL OF JUSTICE & RECORDS          07/25/05
SAN MATEO CJIS          IN AND FOR THE COUNTY OF SAN MATEO          10:34
ORGANIZATION: SC

CASE NO. SC058641 A     DATE: 07/22/05     TIME: 09:00     DEPT.: 12

PEOPLE VS. HOMER EARLE HAWKINS

JUDGE:   H J ELLIS, JUDGE             CLERK:     KRISTY NELSON
REPORTER: JENELL MULLANE             2ND CLERK: NONE
D.A.:   JOSEPH CANNON                DEFENSE CO: PRO-PER

PROCEEDINGS: MOTIONS

CHARGES: 1. PC 460(A)
         2. PC 212.5(C)
         3. PC 245(A)(1) W/PC 1192.7(C)(23)
         4. PC 245(A)(1) W/PC 1192.7(C)(23)
         5. VC 2800.2 W/PC 1203(E)(4) W/PC 1170.12(C)(2) W/PC 1170.12(C)(2
         ) W/PC 1170.12(C)(2) W/PC 1170.12(C)(2) W/PC 667.5(B) W/PC 667.5(
         B) W/PC 667.5(B) W/PC 667.5(B) W/PC 667.5(B) W/PC 667.5(B) W/PC 6
         67.5(B) W/PC 667.5(B) W/PC 667.5(B) W/PC 667(A) W/PC 667(A) W/PC
         667(A)

DEFENDANT PRESENT IN CUSTODY.

JOHN DIGIACINTO, CHIEF COUNSEL, IS PRESENT.

CAROL WOODWARD, COUNTY COUNSEL, IS PRESENT.

OFFICER JOSE SANTIAGO IS PRESENT.

9:18 A.M. : OFFICER JOSE SANTIAGO, CALLED BY COUNTY
        COUNSEL WAS SWORN AND TESTIFIED UNDER DIRECT
        EXAMINATION.

9:25 A.M. : WITNESS EXCUSED.

ORDER FOR INVESTIGATIVE AND ANCILLARY SERVICES IS FILED.

THE DEFENDANT IS DETERMINED BY THE COURT TO BE INDIGENT
        AND IS ENTITLED TO COURT APPOINTED EXPERTS IN THE
        PREPARATION AND DEFENSE OF THIS CASE.

THE PRIVATE DEFENDER IS APPOINTED TO PROVIDE
        INVESTIGATIVE AND ANCILLARY SERVICES IN THE DEFENSE OF
        THIS CASE.

1.    HOMER EARL HAWKINS (3.)
       #
2.    6E-22  ID. 1113027
3.    300 BRADFORD STREET
4.    REDWOOD CITY, CA. 94063
5.    Propria Persona for Defendant
6.
7.        IN THE SUPREME COURT OF THE STATE OF CALIFORNIA
8.
9.      HOMER E. HAWKINS (3.),                S-- No. 138967
10.            Petitioner,                COURT OF APPEAL No. A-111869
11.                                       SAN MATEO Co. Super. Ct. No.
12.        Vs.                            SC-58641.
13.
14.    THE SUPERIOR COURT OF          DECLARATION IN SUPPORT ;
15.    THE STATE OF CALIFORNIA,
16.    SAN MATEO-COUNTY,              PETITION FOR WRIT OF
17.            Respondent,             HABEAS CORPUS :
18.
19.    PEOPLE OF THE STATE OF         MEMORANDUM OF POINT
20.    CALIFORNIA,                    AND AUTHORITIES :
21.        Real Party in Interest. /
22.
23.        I "HOMER E. HAWKINS (3.)" IN SUPPORT OF [WRIT OF HABEAS
24.    CORPUS], BEING SWORN, SAYS [UNDER PENALTY OF PERJURY AND ON
25.    THE INFORMATION AND BELIEF] THE FOREGOING IS TRUE AND CORRECT:
26.
27.
28.

# EXHIBIT COVER PAGE 

EXHIBIT

Description of this Exhibit:

Case No. _SC - C 5 2 6 41 - A_
People v. _Ho.ME E. HAWKINS (3)_

Number of pages to this Exhibit ___3___ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☒ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United State Supreme Court
☐ Grand Jury

```
J2411H1          SUPERIOR COURT - HALL OF JUSTICE & RECORDS        10/14/05
SAN MATEO CJIS          IN AND FOR THE COUNTY OF SAN MATEO            17:12
ORGANIZATION: SC
```

CASE NO. SC058641 A     DATE: 10/14/05     TIME: 09:00     DEPT.: 11

PEOPLE VS. HOMER EARLE HAWKINS

```
JUDGE:     JOHN L GRANDSAERT, JUDGE     CLERK:     SANDY HARRIS
REPORTER: CINDY BRANSHAW                2ND CLERK: NONE
D.A.:     ALLHISER                      DEFENSE CO: NONE
```

PROCEEDINGS: FURTHER PROCEEDINGS

---

```
CHARGES: 1. PC 460(A)
         2. PC 212.5(C)
         3. PC 245(A)(1) W/PC 1192.7(C)(23)
         4. PC 245(A)(1) W/PC 1192.7(C)(23)
         5. VC 2800.2 W/PC 1203(E)(4) W/PC 1170.12(C)(2) W/PC 1170.12(C)(2
         ) W/PC 1170.12(C)(2) W/PC 1170.12(C)(2) W/PC 667.5(B) W/PC 667.5(
         B) W/PC 667.5(B) W/PC 667.5(B) W/PC 667.5(B) W/PC 667.5(B) W/PC 6
         67.5(B) W/PC 667.5(B) W/PC 667.5(B) W/PC 667(A) W/PC 667(A) W/PC
         667(A)
```

---

THIS MATTER WAS PLACED ON CALENDAR FOR "HOUSEKEEPING"
    MATTERS BEFORE THE TRIAL WHICH IS SCHEDULED FOR OCTOBER
    17, 2005

DEPUTY DA MARY ALLHISER PRESENT.

DEFENDANT PRESENT IN CUSTODY.

DEFENDANT IS IN PRO-PER STATUS

WHEN ASKED BY THE COURT, THE DEFENDANT, HOMER HAWKINS,

STATES THAT HE STILL WANTS TO REPRESENT HIMSELF

WHEN ASKED BY THE COURT, THE DEFENDANT, HOMER HAWKINS, STATES THAT HE WANTS TO WEAR JAIL CLOTHING DURING HIS TRIAL

NOTICE OF MOTION FOR {COURT ORDER VIOLATION} FOR QUALIFIED EXPERTS. MEMEOANDUM OF POINTS AND AUTHORITIES FILED.

THE DEFENDANT MAKING AN ORAL MOTION FOR CONTINUANCE

CASE NO. SC058641 A     DATE: 10/14/05     TIME: 09:00     DEPT.: 11
PEOPLE VS. HOMER EARLE HAWKINS

THE COURT PROCEEDS WITH DEFENDANT'S MOTIONS

THE COURT READS POSTCARD FROM THE OFFICE OF CHIEF TRIAL
       COUNSEL/INTAKE THAT DEFENDANT RECEIVED IN REGARDS TO THE
       COMPLAINT HE FILED

POSTCARD RETURNED TO DEFENDANT

THE COURT IS TRYING TO CLARIFY WHAT EXACTLY THE
       DEFENDANT IS ASKING IN REGARDS TO HIS MOTION ON
       QUALIFIED EXPERTS, AS WELL AS WHY HE IS ASKING FOR A
       CONTINUANCE

THE COURT WILL RECESS UNTIL 1:30 P.M.

DEFENDANT NEEDS TO BE MORE SPECIFIC IN HIS REQUESTS

1:30 P.M. : COURT RECONVENED.

DEFENDANT PRESENT IN CUSTODY.

DEPUTY DA MARY ALLHISER PRESENT.

DEPUTY COUNTY COUNSEL CAROL WOODARD PRESENT.

THE COURT PROCEEDS WITH DEFENDANT'S MOTIONS

1:39 P.M. :  ATTORNEY WOODWARD ADDRESSED THE COURT IN
       REGARDS TO HOW MAY HOURS THE DEFENDANT MAY SPEND IN THE
       LAW LIBRARY, IF BOOKS CAN BE CHECKED OUT TO THE
       DEFENDANT AND IF THE DEFENDANT HAS ACCESS TO A COMPUTER

1:43 P.M. : CYNTHIA, CALLED BY ATTORNEY CAROL WOODWARD
       WAS SWORN AND TESTIFIED UNDER DIRECT EXAMINATION.

WITNESSES' LAST NAME IF FILED UNDER SEAL

THE FOLLOWING EXHIBITS WERE MARKED FOR IDENTIFICATION
       AND ADMITTED INTO EVIDENCE ON BEHALF OF THE SHERIFF'S
       DEPARTMENT :

SHERIFF'S EXHIBIT 1:  2 PAGE DOCUMENT ENTITLED
       "CORRECTIONAL FACILITIES LIBRARY"

SHERIFF'S EXHIBIT 2:  9 PAGE DOCUMENT ENTITLED "DISPLAY
       INMATE MOVEMENT LOG"

CASE NO. SC058641 A     DATE: 10/14/05     TIME: 09:00     DEPT.: 11
PEOPLE VS. HOMER EARLE HAWKINS

1:54 P.M. :  WITNESS TESTIFIED UNDER CROSS EXAMINATION.

DOCUMENTS THAT DEFENDANT HAS SHOWN TO DDA ALLHISER AND
     TO THE WITNESS, DEFENDANT DOES NOT WANT MARKED AS
     EXHIBITS

2:05 P.M. :  WITNESS EXCUSED.

AT 2:10 P.M.  :  WITNESS, HOMER HAWKINS, TESTIFIES ON
     BEHALF OF HIMSELF

2:17 P.M. :  WITNESS TESTIFIED UNDER CROSS EXAMINATION.

2:22 P.M. :  WITNESS EXCUSED.

DEFENDANT STATES THAT HE WOULD LIKE DOCUMENTS THAT WERE
     SHOWN TO WITNESS, CYNTHIA, MARKED AS EXHIBITS

THE FOLLOWING EXHIBITS WERE MARKED FOR IDENTIFICATION
     AND ADMITTED INTO EVIDENCE ON BEHALF OF THE DEFENDANT :

DEFENDANT'S EXHIBT A:   SERIES OF 4 PAGES, 2 INMATE
     REQUEST FORMS, DOCUMENT ENTITLED SAN MATEO COUNTY LAW
     LIBRARY, COPY OF FRONT OF ENVELOPE, ADDRESSED TO GARY
     JERNIGAN

DEFENDANT'S MOTION FOR APPOINTMENT OF EXPERTS DENIED

THE COURT FINDS THAT THE DEFENDANT HAS BEEN GIVEN ACCESS
     TO LAW LIBRARY

DEFENDANT WILL NOT BE GOING FORWARD WITH EX-PARTE
     DISCOVERY

THE COURT WILL RULE ON DEFENDANT'S REQUEST FOR
     TRANSCRIPTS FROM PRIOR HEARINGS ON MONDAY, OCTOBER 17,
     2005

THE DEFENDANT HAS CONCERNS THAT HIS INVESTIGATING
     OFFICER HAS BEEN DENIED ACCESS TO THE PEOPLE'S EXHIBITS

THE COURT FINDS THAT THE DEFENDANT'S INVESTIGATING
     OFFICER DOES HAVE ACCESS TO THE PEOPLE'S EXHIBITS

COURT AND COUNSEL DISCUSS DEFENDANT'S PRIOR FILED
     MOTIONS

CASE NO. SC058641 A        DATE: 10/14/05        TIME: 09:00        DEPT.: 11
PEOPLE VS. HOMER EARLE HAWKINS

DEFENDANT'S MOTION TO DISQUALIFY JUDGE GRANDSAERT
        DENIED.

DEFENDANT'S MOTION RE: MIRANDA DENIED.

DEFENDANT'S MOTION RE: PC 1538.5 DENIED.

DEFENDANT'S MOTION RE: RIGHT TO CERTAIN SERVICES DENIED.

DEFENDANT'S MOTION TO EXCLUDE EVIDENCE DENIED.

DEFENDANT'S MOTION TO DISMISS PRIORS DENIED.

COURT AND COUNSEL DISCUSS PROTOCOL DURING TRIAL

DEFENDANT'S MOTION TO BIFURCATE PRIORS GRANTED.

RULING COULD CHANGE IF DEFENDANT TESTIFIES

COURT AND COUNSEL DISCUSS TIME LIMIT DURING JURY VOIR
        DIRE

THE COURT WILL ALLOW EACH SIDE 30 MINUTES FOR JURY VOIR
        DIRE AND THEN EACH SIDE 10 MINUTES WHEN NEW PROPSPECTIVE
        JURORS ARE SEATED

THE COURT WILL ALLOW EACH SIDE 30 MINUTES FOR OPENING
        STATEMENTS

DDA ALLHISER STATES FOR THE RECORD THAT SHE HAS NOT
        RECEIVED ANY DISCOVERY FROM THE DEFENDANT AS OF THIS
        DATE

THE COURT WILL ALLOW THE DEFENDANT TO HAVE A COPY OF THE
        CLERKS MINUTES.  THE MAY NOT BE AVAILABLE TO THE
        DEFENDANT UNTIL THE FOLLOWING DAY

TRIAL SCHEDULE WILL BE AS FOLLOWS:  DDA ALLHISER AND THE
        DEFENDANT WILL NEED TO BE IN COURT BY 8:30 A.M.

SCHEDULE FOR THE JURY WILL BE FROM 9:00 A.M. UNTIL NOON
        AND THEN FROM 1:30 P.M. UNTIL 4:30 P.M.

PREVIOUS DATE OF OCTOBER 17, 2005 AT 8:30, REMAINS AS
        SET

CASE NO. SC058641 A      DATE: 10/14/05      TIME: 09:00      DEPT.: 11
PEOPLE VS. HOMER EARLE HAWKINS

PEOPL'S PROPOSED WITNESS LIST FILED.

JURY INSTRUCTIONS FILED.

PEOPLE'S TRIAL MOTION TO ADMIT THE DEFENDANT'S PAROLE-
      AT LARGE STATUS AS EVIDENCE OF MOTIVE AND INTENT; POINTS
      AND AUTHORITIES FILED.

PEOPLE'S MOTION TO ADMIT EVIDENCE OF FELONY CONVICTIONS
      FOR IMPEACHMENT OF DEFENDANT FILED.

PEOPLE'S MOTION TO EXCLUDE EVIDENCE OF AND REFERENCE TO
      "STRIKE" ALLEGATIONS AND CONSEQUENCES, EVIDENCE CODE
      210, 352 FILED.

SPECIAL PR-VOIR DIRE JURY INSTUCTIONS RECEIVED

DEFENDANT REMAINS IN CUSTODY.

BAIL REMAINS SET AT $500,000.00.

ENTERED ON CJIS BY S.HARRIS DATE 10/14/2005.

# EXHIBIT COVER PAGE 

D

EXHIBT

Description of this Exhibit:

Case No. $SC-058641-A$
People v. $H_C - E R$ $E$. $HAWKINS(5)$

Number of pages to this Exhibit _____/_____ pages.

JURISDICTION:  (Check only one)

☐ Municipal Court
☑ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United State Supreme Court
☐ Grand Jury

```
J2411H1          SUPERIOR COURT - HALL OF JUSTICE & RECORDS        08/16/05
SAN MATEO CJIS        IN AND FOR THE COUNTY OF SAN MATEO           11:44
ORGANIZATION: SC
```

CASE NO. SC058641 A      DATE: 08/16/05      TIME: 09:00      DEPT.: 11

PEOPLE VS. HOMER EARLE HAWKINS

```
JUDGE:    JOHN L GRANDSAERT, JUDGE      CLERK:      SARAI GOULART
REPORTER: CINDY BRANSHAW                2ND CLERK:  NONE
D.A.:     ALLHISER                      DEFENSE CO: IN PRO PER
```

PROCEEDINGS: MOTIONS

---

CHARGES: 1. PC 460(A)
         2. PC 212.5(C)
         3. PC 245(A)(1) W/PC 1192.7(C)(23)
         4. PC 245(A)(1) W/PC 1192.7(C)(23)
         5. VC 2800.2 W/PC 1203(B)(4) W/PC 1170.12(C)(2) W/PC 1170.12(C)(2
         ) W/PC 1170.12(C)(2) W/PC 1170.12(C)(2) W/PC 667.5(B) W/PC 667.5(
         B) W/PC 667.5(B) W/PC 667.5(B) W/PC 667.5(B) W/PC 667.5(B) W/PC 6
         67.5(B) W/PC 667.5(B) W/PC 667.5(B) W/PC 667(A) W/PC 667(A) W/PC
         667(A)

---

DEFENDANT PRESENT IN CUSTODY.

DEFENDANT APPEARED IN PRO PER.

CAROL WOODWARD ALSO PRESENT FROM COUNTY COUNSEL OFFICE.

PEOPLE'S OPPOSITION TO MOTION FOR DISCOVERY, MOTION TO
    DISMISS BECAUSE LOSS OR DESTRUCTION OF EVIDENCE (FILED
    8-15-05) POINTS AND AUTHORITIES. FILED.

DEFENSE GRAND JURY MOTION IS DENIED.

DEFENSE DISCOVERY MOTION IS DENIED.

THE PEOPLE STIPULATED THAT NO SEARCH WARRANT WAS ORDER
    FOR THE MERCEDES CAR.

10:05 A.M. : JOHN KOVACH, CALLED BY PEOPLE WAS SWORN AND
    TESTIFIED UNDER DIRECT EXAMINATION.

10:15 A.M. :  WITNESS TESTIFIED UNDER CROSS EXAMINATION.

**Form 1.   Notice of Appeal to a Court of Appeals From a Judgment or Order of a District Court**

United States District Court for the _NORTHERN_

District of _CALIFORNIA_

HOMER E. HAWKINS (3) File Number _C - 08 - 1087 - SI (pr)_

A.B., Plaintiff        )
                       )
v.                     )          Notice of Appeal
DEBORAH DEXTER, Warden )
C.D., Defendant        )

        Notice is hereby given that (here name all parties taking the appeal), (plaintiffs) (defendants) in the above named case*, hereby appeal to the United States Court of Appeals for the _NINTH_ Circuit (from the final judgment) (from an order (SEE EXHIBIT)) entered in this action on the ____6____ day of ____MAY____, 20_08_.

(s) _Homer E. Hawkins III_
Attorney for _PETITIONER_
Address: _P.O. Box - 2199, Blythe, CA. 92226_

* See Rule 3(c) for permissible ways of identifying appellants.

## CERTIFICATE OF SERVICE

Case Name: _HOMER E. HAWKINS (3)_ v. _DEBORAH DEXTER, Warden_

Case No.: _C-08-1087-SI (pr)_

IMPORTANT: You must send a copy of ALL documents filed with the court and any attachments to counsel for ALL parties in this case. You must also file a certificate of service with this court telling us that you have done so. You may use this certificate of service as a master copy, and fill in the title of the document you are filing. Please list below the names and addresses of the parties who were sent a copy of your document and the dates on which they were served. Be sure to sign the statement below. You must attach a copy of the certificate of service to each of the copies and the copy you file with the court.

I certify that a copy of the _NOTICE OF APPEAL_

(Name of document you are filing (i.e., opening brief, motion, etc.)

and any attachments was served, either in person or by mail, on the persons listed below.

**Signature**
Notary NOT required

| Name | Address | Date Served |
|---|---|---|
| UNITED STATES OF APPEALS | 95 Seventh Street<br>Post Office Box=193939<br>San Francisco, California<br>Zip-94119-3939 | MAY 6, 2008 |
| OFFICE OF THE CLERK<br>U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF<br>CALIFORNIA | 450 GOLDEN GATE, AVE.<br>SAN FRANCISCO, CALIFORNIA<br>Zip-94102 | MAY 6, 2008 |

HOMER E HAWKINS (3)
CDC # ID. C-55875
IRONWOOD STATE PRISON
P.O BOX - 2199
Blythe, CA. 92226

ATTN:

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN GATE, AVE.
SAN FRANCISCO, CALIFORNIA
ZIP - 94102

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
**NOTICE OF APPEAL NOTIFICATION FORM**
Please Fill Out Completely

May 9, 2008

**CASE INFORMATION:**
Short Case Title: <u>HOMER E HAWKINS</u>-v- <u>DEBORAH DEXTER</u>
Court of Appeals No. (leave blank if a unassigned
U.S. District Court, Division & Judge Name: <u>NDCA, San Francisco Division, Judge Susan Illston</u>
Criminal and/or Civil Case No.: <u>CV 08-01087 SI</u>
Date Complaint/Indictment/Petition Filed: <u>2/22/08</u>
Date Appealed order/judgment *entered* <u>4/18/08</u>
Date NOA *filed* <u>5/8/08</u>
Date(s) of Indictment  Plea Hearing  Sentencing

COA Status (check one):  ☐ granted in full (attach order)      ☐ denied in full (send record)
                          ☐ granted in part (attach order)      ☐ pending

Court Reporter(s) Name & Phone Number: <u>N/A</u>

_____

*Magistrate Judge's Order?  If so, please attach.*

**FEE INFORMATION**
Date Docket Fee Paid:                    Date Docket Fee Billed:
Date FP granted: <u>4/18/08</u>                Date FP denied:
Is FP pending? ☐ yes  ☐ no                    Was FP limited ☐?  Revoked ☐?
US Government Appeal? ☐ yes  ☐ no
Companion Cases?  Please list: <u>N/A</u>

_____

*Please attach copy of any order granting, denying or revoking FP.*

**COUNSEL INFORMATION** (Please include email address)\*SEE ATTACHED DOCKET SHEET\*
Appellate Counsel:                    Appellee Counsel:




☐ retained  ☐ CJA  ☐ FPD  ☐ Pro Se  ☐ Other    *Please attach appointment order.*

**DEFENDANT INFORMATION**
Prisoner ID:                    Address:
Custody:
Bail:

_____

**AMENDED NOTIFICATION INFORMATION**
Date Fees Paid:                    9th Circuit Docket Number:

_____


Name & Phone Number of Person Completing this Form: <u>Yumiko Saito</u>
                                   (415) 522-2068

**UNITED STATES DISTRICT COURT**
**Northern District of California**
**450 Golden Gate Avenue**
**San Francisco, California 94102**
_____
www.cand.uscourts.gov

Richard W. Wieking                                                        General Court Number
Clerk                                                                             415.522.2000

May 9, 2008

Clerk
U.S. Court of Appeals
For the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

**CASE NUMBER: <u>CV 08-01087 SI</u>**

**CASE TITLE: <u>HOMER E HAWKINS-v-DEBORAH DEXTER</u>**

USCA Case Number:

Dear Sir/Madam:

   Enclosed is the NOTICE OF APPEAL  in the above captioned case.  Please acknowledge

receipt on the enclosed copy of this letter and return it to this office.

            Sincerely,

            RICHARD W. WIEKING, Clerk
            /s/


            by:  <u>Yumiko Saito</u>
            Case Systems Administrator


cc:  Counsel of Record