1 | HOMER E. HAWKINS (3)
2 | CDC ID. C-55875
3 | IRONWOOD STATE PRISON
4 | P.O. BOX = 2199
5 | Blythe, CA. 92226

FILED
08 JUL 11 PM 4:44
[stamp] U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT FOR
NORTHERN DISTRICT OF CALIFORNIA

| HOMER E. HAWKINS (3), | CASE No. 08-1087-SI (pr) |
| Petitioner, | |
| | RESPOND TO ANSWER |
| Vs. | & |
| | FILING A (TRAVERSE) |
| DEBORAH DEXTER, Warden, | |
| Respondent. | |

Pursuant to the Courts order, Petitioners Return Traverse as hereby makes this return to the "COURTS & ATTORNEY GENERAL" office for Writ of Habeas Corpus and Denies allegation as [A-G] makes inadequat theory of dispute's.

Simple stated this petitioner respond about the court's numerous violations of clearly established Federal Law pretaining to petitioner criminal trial proceedings. Said violations are fully elaborated in Exhibit's and Arguments doing petitioner entire State court proceedings were fundamentally unfair and in violation of petitioner procedural Due Process rights under the "6th, 8th, and 14th amendment

(1)

of the United States Constitution.

Petitioner denies each allegation in Respondent's Return and ask for relief.

(a) Presumption of correctness accorded to findings of facts made by state court on federal habeas review also applies to factual findings made by state trial record.

(b) State court decision is "CONTRARY TO" Supreme Court precedent, warranting federal habeas relief, if state court arrives at conclusion opposite to that, that reached by Supreme Court on question of law, or if state court confronts facts that are materially indistinguishable from relevant U.S. Supreme Court precedent and arrives at different result.

(c) State court decision is "CONTRARY TO" U.S. Supreme Court precedent, warranting federal habeas relief, if state court applies rules that contradicts Governing Law set forth in that precedent.

(d) State court decision involves "UNREASONABLE APPLICATION OF" clearly established U.S. Supreme Court precedent, warranting federal habeas relief, if state court identifies correct governing legal rule from Supreme Court cases, but unreasonably applies it's facts of particular case.

(e) State trial court refusal to provide indigent defendant charged with aggravated felony's and not potential mitigation evidence that was significant to investigation by "FINGER & CLOTHING" expert's at trial and sentencing phase of trial.

(f) State criminal trial is fundamentally unfair because state proceeds against indigent defendant without making certain

1 that petitioner has access to raw materials integral to building
2 effective defense.
3    (g) The petitioner has bears the burden of showing that the
4 state court's decision was unreasonable. And even though a constitutional
5 error have occurred, Habeas relief is available only in error where "substan-
6 tial and injurious effect or influence in determining the jury's verdict."
7    (h) United States Supreme Court has expressly recognizing a
8 federal constitutional right to instructions on lesser included offenses
9 in noncapital cases. And not in "THEORY" as Attorney General might
10 constitute an exception felony murder cases to the general rule, there
11 must be substantial evidence to warrant instruction on the lesser included
12 offense.
13    (I) The judge's decision amounted to a judicial usurpation of
14 power or be characteristic of an erroneous practice which is likely to
15 recur.
16    (j) As petitioner explained earlier, the habeas corpus relying on
17 the "NEW CUNNINGHAM-CONSTITUTIONAL RULE", and a rule is only
18 "NEW" when it was declared after the petitioner case became final on
19 direct review. Hence, petitioner whose case became final after "APPRENDI-
20 JUNE 26, 2000" but before "BLAKELY-JUNE 24, 2004" can argue that
21 apprendi "Dictated" the result in cunningham, because Apprendi used the
22 phrase "STATUTORY MAXIMUM SENTENCE" to define the upper limit of a
23 permissible sentence under the "SIXTH AMENDMENT; and Cunningham
24 claims necessarily attack the highest of three possible sentences, all
25 of which the Legislature had authorized. Nevertheless, constitutional law
26 trumps common sense in the courts, and it was not until "Blakely" that
27 the U.S. Supreme Court provided a constitutional explanation of what it had
28

(3)

meant in "Apprendi" by the phrase "STATUTORY MAXIMUM SENTENCE".

This Traverse is based on the prohibition of cruel and unusual punishment and the sentence handed down by the trial court. The petitioner wish this court to take judicial notice in light of this argument and pray that relief be granted and an order to Department of Corrections of petitioner conviction be stricken in the interest of justice.

DATED: July 9, 2008

*Homer E. Hawkins III*

Respectfully Submitted,

*Homer E. Hawkins III*

HOMER E. HAWKINS (3)
In Pro. Se.

(4)

Page 6

## CERTIFICATE OF SERVICE

Case Name: _HOMER E. HAWKINS(3)_ v. _DEBORAH DEXTER, Warden_

Case No.: _08-1087-SI(pr)_

IMPORTANT: You must send a copy of ALL documents filed with the court and any attachments to counsel for ALL parties in this case. You must also file a certificate of service with this court telling us that you have done so. You may use this certificate of service as a master copy, fill in the title of the document you are filing and attach it at the back of each filing with the court. Please list below the names and addresses of the parties who were sent a copy of your document and the dates on which they were served. Be sure to sign the statement below. You must attach a copy of the certificate of service to each of the copies and the copy you file with the court.

I certify that a copy of the _RESPOND TO ANSWER & FILING A TRAVERSE_
(Name of document you are filing,
i.e., opening brief, motion, etc.)

and any attachments was served, either in person or by mail, on the persons listed below.

_Homer E. Hawkins Jr._
Signature
Notary NOT required

| Name | Address | Date Served |
|---|---|---|
| UNITED STATE DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA 450 GOLDEN GATE, AVE. SAN FRANCISCO, CA. 94102 | 450 GOLDEN GATE, AVE. San Francisco, CA. 94102 | July 9, 2008 |
| DEPARTMENT OF JUSTICE Office of the Attorney General 455 Golden Gate, Ave. #Suite-11000 San Francisco, CA. 94102-3664 | 455 Golden Gate, Ave. #Suite-11000 San Francisco, CA. 94102-3664 | July 9, 2008 |

HOMER E. HAWKINS (3)
CDC # I.D. C-55875
IRONWOOD PRISON
P.O. BOX = 2199
BLYTHE, CA.
ZIP - 92226

ATTN:
OFFICE OF THE CLERK
U.S. DISTRICT COURT
NORTHERN DISTRICT OF
CALIFORNIA
450 GOLDEN GATE AVE
SAN FRANCISCO, CA.
ZIP - CALI. 94102

LEGAL USE ONLY

LEGAL USE ONLY

9/6 Ackers — 7/8/05